**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

Compliant Pharmacy Alliance
Cooperative,

        Plaintiff,                Case No. 18-CV-580-JDP

v.

AmerisourceBergen Drug Corporation, and
AmerisourceBergen Corporation,

        Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendants AmerisourceBergen Drug Corporation ("ABDC") and AmerisourceBergen Corporation ("ABC") submit this memorandum of law in support of their Motion to Stay Discovery pending resolution of their Rule 12(c) Motion for Judgment on the Pleadings. A stay is appropriate here under Supreme Court precedent established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and subsequent decisions by the Seventh Circuit.

Courts within this Circuit routinely stay discovery pending decision on dispositive Rule 12 motions, particularly in a complex case where the motion would resolve the plaintiff's entire action and would prevent costly and invasive discovery. This is precisely such a case. ABDC's and ABC's Motion for Judgment on the Pleadings is likely to resolve Plaintiff Compliant Pharmacy Alliance Cooperative's ("CPA") entire complaint, as CPA's

Amended Complaint fails to state a claim against ABDC or ABC.  As detailed in ABDC's and ABC's Motion for Judgment on the Pleadings, CPA lacks standing to assert a RICO claim against ABDC and ABC; CPA has failed to allege (and cannot allege) a material misrepresentation (the mail or wire fraud predicate for a RICO violation); and CPA fails to allege any facts that satisfy Rule 9(b)'s heightened pleading requirement or facts to establish any of the elements of its RICO claim.  CPA's fraudulent-inducement claim against ABDC and ABC also falls well short of Rule 9(b)'s specificity requirements and runs afoul of the Federal Rules of Civil Procedure and Pennsylvania law, including the gist of the action and economic loss doctrines.  And, finally, CPA fails to allege any breach by ABDC of the parties' heavily negotiated 2016 agreement and, indeed, CPA concedes that ABDC complied with all of its contractual obligations.

Despite the legal deficiencies of its Amended Complaint, CPA, nevertheless, seeks to immediately embark on improper, far-reaching and burdensome discovery against both ABDC and ABC, serving sprawling discovery, including broad-based and irrelevant interrogatories, document requests and requests for admission.  While ABDC's and ABC's dispositive Rule 12(c) motion is pending, a stay of discovery is not only appropriate but required by Supreme Court and Seventh Circuit precedent to avoid the burden and expense of ABDC and ABC engaging in overbroad and duplicative discovery that may never be necessary.  Even a partial dismissal of CPA's claims would clarify and narrow the issues to be addressed in discovery, saving the parties and this Court significant time and expense.  ABDC and ABC therefore ask this Court to stay discovery pending resolution of their Motion for Judgment on the Pleadings.

## FACTUAL AND PROCEDURAL BACKGROUND

CPA commenced this action on July 24, 2018, asserting breach of contract against ABDC and fraudulent inducement and RICO claims against both ABDC and ABC.  (Dkt. No 2.)  On September 28, CPA filed an Amended Complaint, adding another breach of contract claim against ABDC.  (Dkt. No. 20.)  ABDC and ABC filed their Answer to CPA's Amended Complaint on October 12.  (Dkt. No. 39.)

One month later, ABDC and ABC filed their Motion for Judgment on the Pleadings, seeking a dismissal of CPA's Amended Complaint in its entirety, with prejudice (Dkt. No. 47.)  Despite ABDC's and ABC's early and dispositive Rule 12(c) motion, CPA has served written discovery on ABDC and ABC, including interrogatories, requests to produce documents and requests for admission.

## ARGUMENT

### A.     United States Supreme Court and Seventh Circuit Precedent Mandate a Stay of Discovery in these Circumstances.

Federal district courts possess "extremely broad discretion in controlling discovery," and may therefore "limit the scope of discovery or control its sequence in order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *See DSM Desotech Inc. v. 3D Systems Corp.,* 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008) (quoting *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) & Fed. R. Civ. P. 26(c)(1)).  And, stays of discovery based on the filing of a dispositive Rule 12 motion, while not automatic, "are granted with substantial frequency" in this Circuit.[1]  *In re Sulfuric*

---

[1] *See, e.g., Flakes v. Frank,* 2005 WL 1276370, at *1 (W.D. Wis. May 26, 2005) (referencing the previously-imposed stay); *Mossman v. Dental Enterprises,* 2005 WL 1174150, at *3 (N.D.

*Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. May 9, 2005). A stay is particularly

appropriate in a complex case where "discovery may be especially burdensome and costly

to the parties." *DSM Desotech,* 2008 WL 4812440, at *2; *see also Coss v. Playtex Prods., LLC,*

No. 08-cv-50222, 2009 WL 1455358, at *1-2 (N.D. Ill. May 21, 2009) (recognizing that in a

"complex case" involving "burdensome and costly discovery" the district court "should limit

discovery once a motion to dismiss for failure to state a claim has been filed.").

> "Indeed, some districts have a rule that prohibits discovery during the pendency of

such a motion, and in some circuits, district courts have been advised to resolve a motion to

dismiss before allowing discovery." *Sulfuric Acid*, 231 F.R.D. at 336 & n.5 (collecting

cases).[2]  This general rule favoring a stay of discovery pending resolution of a fully-

---

Ind. May 9, 2005) (same); *Nauman v. Abbott Laboratories,* 2005 WL 1139480, at *6 (N.D. Ill. Apr. 27, 2005) (same); *Malone v. Clark,* 2004 WL 2053284, at *1 (W.D. Wis. Sept. 13, 2004) (granting motion to stay pending decision on dispositive motion); *Cataldo v. City of Chicago,* 2002 WL 91903, at *1-2 (N.D. Ill. Jan. 24, 2002); *Hill v. Amoco Oil,* 2001 WL 293628, at *6 (N.D. Ill. Mar. 19, 2001) (referenced a multi-month stay while the dispositive motion was pending); *Cooper v. Harris,* 1999 WL 261742, at *3 (N.D. Ill. Apr. 13, 1999); *Johnson v. Indopco, Inc.,* 846 F. Supp. 670, 676 n.3 (N.D. Ill. Mar. 8, 1994); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.,* 757 F. Supp. 1499, 1527 n.1 (N.D. Ill. Nov. 13, 1990); *DeSmet v. Snyder,* 653 F. Supp. 797, 799 (E.D. Wis. Feb. 12, 1987); *Stokes v. City of Chicago,* 1986 WL 12311, at *1-2 (N.D. Ill. Oct. 24, 1986);  *Chicago Bd. Options Exchange, Inc. v. Connecticut Gen. Life Ins. Co.,* 95 F.R.D. 524, 524-25 (N.D. Ill. 1982); *Rosas v. Lane,* 1985 WL 2906, at *1 (N.D. Ill. Sept. 26, 1985)*.*

[2]  *See*, *e.g.*, *Moore v. Potter,* 2005 WL 1600194, at *3-4 (11th Cir. 2005) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery beings."); *Chaudhry v. Mobil Oil Corp.,* 186 F.3d 502, 503-05 (4th Cir. 1999) (affirming district court's grant of stay pending resolution of the motion to dismiss); *Gilbert v. Ferry,* 401 F.3d 411, 415-16 (6th Cir. 2005) (same); *In re: Southeast Banking Corp.,* 204 F.3d 1322, 1325-29 (11th Cir. 2000); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1130 (10th Cir. 1994) (noting that the district court's local rules require staying discovery while a motion to dismiss is pending); *Institut Pasteur v. Chiron,* 315 F. Supp. 2d. 33, 37 (D.D.C. 2004) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

dispositive Rule 12 motion in complex cases stems from Supreme Court precedent in *Iqbal* and *Twombly*.

In *Twombly*, the Supreme Court explained that "when the allegations in a complaint, however true, [can]not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.  To avoid the expense and burden on the defendant, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 558.  As the Supreme Court explained:  "[I]t is only by taking care to require allegations that reach the level suggesting [liability] that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support [the] claim." *Id.* at 559.

Later in *Iqbal*, the Supreme Court confirmed that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, ***but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions***."  556 U.S. at 678 (emphasis added).

Based on this precedent, the Seventh Circuit recognized that a defendant in a parallel RICO civil action should not be forced to undergo costly discovery until the complaint has survived a dispositive-motion challenge.  In *Limestone Dev. Corp. v. Village of Lemont*, the Seventh Circuit emphasized "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail" to survive a Rule 12 motion.  *Limestone Dev. Corp. v. Village of Lemont* 520 F.3d 797, 802-03 (7th Cir.

5

2008) (citation omitted).  The Seventh Circuit further recognized that this burden was particularly acute in RICO cases:

> Under [*Twombly*], the complaint in a potentially complex litigation, or one that by reason of the potential cost of a judgment to the defendant creates the "in terrorem" effect . . . [and] must have some degree of plausibility to survive dismissal . . . The [*Twombly*] Court was concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim. But the concern is as applicable to a RICO case, which resembles an antitrust case in point of complexity and the availability of punitive damages and of attorneys' fees to the successful plaintiff. RICO cases, like antitrust cases, are "big" cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim.

*Id.* at 803; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) ("The Court in [*Twombly*] wished to avoid the 'in terrorem' effect of allowing a plaintiff with a 'largely groundless claim' to force defendants into either costly discovery or an increased settlement value.") (quoting *Twombly*, 550 U.S. at 557-58)).

Two years later, the Seventh Circuit in *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) confirmed that *Iqbal* and *Twombly* were meant to protect defendants in complex cases from undergoing costly discovery unless and until the complaint survives a Rule 12 challenge:

> We realize that one powerful reason that lies behind the Supreme Court's concern about pleading standards is the cost of the discovery that will follow in any case that survives a motion to dismiss on the pleadings. The costs of discovery are often asymmetric, as the dissent points out, and one way to rein them in would be to make it more difficult to earn the right to engage in discovery.

*Id.*

6

Judge Posner in partial dissent (dissenting only because he would have found that all of plaintiff's claims should have been dismissed), further noted that the purpose of the pleading standard established in *Iqbal* and *Twombly* was to avoid the old practice of courts "err[ing] on the permissive side" and permitting costly discovery to proceed before a dispositive motion is decided: "This structural flaw helps to explain and justify the Supreme Court's new approach.  It requires the plaintiff to conduct a more extensive precomplaint investigation than used to be required and so creates greater symmetry between the plaintiff's and the defendant's litigation costs, and by doing so reduces the scope for extortionate discovery." *Id.* at 411 (Posner J., dissenting in part).

Today, "the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast."  *Coss v. Playtex Products, LLC*, 2009 WL 1455358, at *3 (N.D. Ill. May 21, 2009).  Indeed, this Court has granted a motion to stay discovery pending resolution of a potentially dispositive motion, noting the "obvious threshold issues regarding the sufficiency of plaintiff's complaint that must be resolved." *Sundsmo v. Garrigan*, 2014 WL 5168951, at *2 (W.D. Wis. Oct. 14, 2014) (Petersen, J.); *see also Peace v. Kemper*, 2016 WL 552356, at *1-2 (granting a motion to stay to discovery because "a pleading that fails to state a claim under Fed. R. Civ. P. 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'") (quoting *Iqbal*, 556 U.S. at 678-79)).

As a result, if the case "is one susceptible to the burdensome and costly discovery contemplated by [*Twombly*] and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed."  *Coss*, 2009 WL 1455358, at *3; *see also Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.,* No. 1:11-cv-249, 2011 WL

7

4345432, at *3 (N.D. Ind. Sep. 15, 2011) (articulating same rule and granting motion to stay discovery). This especially holds true in RICO cases. *See*, *e.g.*, *Coss*, 2009 WL 1455358, at *2 (noting that in *Limestone Dev. Corp.*, "Judge Posner indicated that burdensome discovery in RICO cases during the pendency of a motion to dismiss is inappropriate").

### B.   ABDC's and ABC's Rule 12 Motion Will Likely Resolve the Entirety of CPA's Claims and Obviate the Need for Costly and Invasive Discovery.

A stay is particularly appropriate where the complaint has no legal merit and where a dispositive motion will likely resolve the entire case. *See*, *e.g.*, *Chicago Bd. Options Exchange v. Conn. Gen. Life Ins.*, 95 F.R.D. 524, 525 (N.D. Ill. 1982) (staying discovery based on well-founded motion to dismiss).

As explained in ABDC's and ABC's Motion for Judgment on the Pleadings, all of CPA's claims fail under the law and are insufficiently pleaded (a circumstance which CPA cannot repair). The Supreme Court and the Seventh Circuit have unambiguously instructed that litigants—like ABDC and ABC here—"should not be put to the expense of big-case discovery" until the dispositive motion is resolved. *Limestone Dev. Corp.*, 520 F.3d at 802-803. As a result, discovery should be stayed here. CPA will suffer no prejudice from such a stay, particularly since under the Scheduling Order set by the Court, if any portion of its Amended Complaint survives ABDC's and ABC's Rule 12(c) motion, the fact discovery period is open until January 24, 2020 – more than 14 months from now. As the Supreme Court explained, the doors to discovery are not open to a plaintiff who has not pled viable claims sufficient to survive an early Rule 12 motion.

**CONCLUSION**

For the foregoing reasons, ABDC and ABC ask this Court to enter an Order staying all discovery here until after this Court rules on ABDC's and ABC's Motion for Judgment on the Pleadings.

Respectfully submitted,

**Blank Rome**

By:     */s/ Larry R. (Buzz) Wood, Jr.*
        Larry R. (Buzz) Wood, Jr.
        Sophia Lee
        Louis D. Abrams
        One Logan Square
        130 North 18th Street
        Philadelphia, PA 19103
        Tel: (215) 569-5500
        Email: lwood@blankrome.com
               slee@blankrome.com
               abrams-l@blankrome.com
                 &

**Hansen Reynolds LLC**
Timothy M. Hansen, SBN 1044430
301 N. Broadway, Suite 400
Milwaukee, WI 53202-2660
Tel: (414) 455-7676
Email: thansen@hansenreynolds.com

John W. McCauley, SBN 1104739
10 East Doty Street, Suite 800
Madison, WI 53703
Tel: (608) 841-1510
Email:  jmccauley@hansenreynolds.com

*Counsel for AmerisourceBergen Drug Corporation
and AmerisourceBergen Corporation*