IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COMPLIANT PHARMACY ALLIANCE
COOPERATIVE,

        Plaintiff,

  v.

AMERISOURCEBERGEN DRUG CORPORATION,
AMERISOURCEBERGEN CORPORATION,

        Defendants.

ORDER

18-cv-580-jdp

---

Before the court is defendants' motion (dkt. 53) to stay discovery until the court decides their motion for judgment on the pleadings (dkt. 47), countered by plaintiff's brief in opposition (dkt. 60) and motion to compel discovery (dkt. 62). The court is granting in part the motion to stay, denying the motion to compel and canceling the December 20, 2018 telephonic hearing as unnecessary. The court will stay discovery until March 1, 2019 or until Judge Peterson decides defendants' dispositive motion, whichever comes first.

This is the court's routine approach to these disputes when the schedule allows it. Having read the parties' submissions and having considered this court's previous cases that go in both directions, the court's view is that F.R. Civ. Pro. 1 controls the outcome: this approach in this case secures the just, speedy and inexpensive resolution of this dispute.

A few observations: in its proposed schedule for this case, plaintiff suggested that discovery last for about 8 ½ months, from October 1, 2018 to June 10, 2019. *See* dkt. 30 at 8-9. The court set a discovery cutoff of January 24, 2020, *see* dkt. 37 at 3. March 1, 2019 to January 24, 2020 is over 10½ months of discovery, so even with the stay, plaintiff is getting two more months of discovery than it asked for. Expert disclosures are not due until August 19,

2019 (dkt. 37 at 2), 5½ months after the stay ends; plaintiff's proposal was to allow four months between the start of discovery and the first expert disclosures (dkt. 30 at 8). Again, plaintiff loses nothing in this exchange. Separately, the court determines that allowing a discovery stay until March 1, 2019 (at the latest) will not prevent any party from timely obtaining and using the discovery it needs in this lawsuit if the lawsuit goes forward.

Next, the court agrees with plaintiff that defendants are not *entitled* to a stay while their motion is being determined, but in this case the court will impose a two-month stay (not counting the holiday week) because the calendar permits it, and this stay gives both sides the opportunity to avoid potentially unnecessary expenditures of time and money in the event that Judge Peterson grants defendants' motion.

Judge Peterson's informal policy is to try to rule on all dispositive motions within 60 days after the last brief is filed, so the selection of a March 1 cutoff was not random. That said, Judge Peterson is very busy, and he might not issue a ruling on defendant's motion by March 1, 2019. In that case, discovery reopens anyway. That's the flip side of the efficiency coin: the schedule allow two months of treading water, but a longer stay risks putting the parties behind schedule, and that's not fair to plaintiff. As a historical matter, more Rule 12 motions are denied than granted, notwithstanding every movant's firm belief that *its* motion is one of the winners. So, the odds are against defendants here. They can have two months of down time, but that's it.

2

ORDER

It is ORDERED that:

(1) Defendants' motion to stay (dkt. 53) is GRANTED IN PART and DENIED IN PART;

(2) Plaintiff's motion to compel discovery (dkt. 62) is DENIED;

(3) The December 20, 2018 hearing is CANCELED; and

(4) Discovery is stayed until Judge Peterson rules on the motion for judgment on the pleadings (dkt. 47) or until March 1, 2019, whichever comes first.

Entered this 19th day of December, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge