IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COMPLIANT PHARMACY ALLIANCE
COOPERATIVE,

                      Plaintiff,

  v.

AMERISOURCEBERGEN DRUG CORPORATION
and AMERISOURCEBERGEN CORPORATION,

                      Defendants.

OPINION and ORDER

18-cv-580-jdp

---

Plaintiff Compliant Pharmacy Alliance Cooperative is a buying cooperative based in Stoughton, Wisconsin that has more than 1,700 member pharmacies. Since 2009, the Cooperative's members have been buying generic drugs from defendant AmerisourceBergen Drug Corporation, which is a drug distributor and subsidiary of defendant AmerisourceBergen Corporation. (The court will refer to both defendants collectively as "Amerisource" unless otherwise noted.) Under its purchasing agreement with the Cooperative, Amerisource negotiates a price with drug manufacturers and then sells the drugs to the Cooperative's members with an added service fee.

The impetus for this lawsuit relates to the pricing for drugs obtained from BluePoint Laboratories, which is also a subsidiary of AmerisourceBergen Corporation. The Cooperative alleges that BluePoint prices are "artificially inflated" because Amerisource has refused to negotiate a "competitive" price with BluePoint. Dkt. 20, ¶¶ 6, 21.

The Cooperative is asserting three claims related to prices under the BluePoint label. First, the Cooperative says that Amerisource has breached its duty of good faith and fair dealing by failing to negotiate a competitive price on BluePoint drugs. Second, the Cooperative says

that Amerisource fraudulently induced the Cooperative to renew their agreement in 2016 by promising to negotiate better prices on those products. Third, the Cooperative says that Amerisource may be held liable under the Racketeer Influenced and Corrupt Organizations Act because it created an "enterprise" with BluePoint and repeatedly committed mail fraud when its "contracts and billings . . . intentionally misled [the Cooperative] about the manner in which [Amerisource] computed prices." *Id.*, ¶ 113. The Cooperative is also asserting a separate breach of contract claim because Amerisource allegedly increased its service fee without complying with the requirements for doing so in the purchase agreement.

Amerisource has filed a motion for judgment on the pleadings as to all of the Cooperative's claims. Dkt. 47. Amerisource raises numerous arguments in its motion, but there is a threshold question that the court must resolve before the others.

In its opening brief, Amerisource frames this issue as a failure to state a claim: each of the Cooperative's claims requires proof of damages and the Cooperative has conceded in its complaint that it did not incur damages because its members and not the Cooperative itself paid the allegedly inflated prices for BluePoint drugs. Dkt. 48, at 34, 41, 48. In its reply brief, Amerisource reframes the issue as one of constitutional standing: this court does not have subject matter jurisdiction over the case because the Cooperative hasn't alleged that it suffered any harm. Dkt. 67, at 4. But the basis for both arguments is the same: it is the Cooperative's members rather than the Cooperative that allegedly have been injured.

In response, the Cooperative does not deny that it is suing for the injuries of its members rather than its own injuries. But it alleges that it is entitled to do that because "it is the assignee of its members' claims." Dkt. 58, at 16 (citing Dkt. 20, ¶ 24). Amerisource says that the Cooperative's allegation is insufficient because it doesn't include details about the assignments.

But at the pleading stage it is reasonable to infer without more specific allegations that a cooperative has assignments from its members on matters related to the cooperative.

In its reply brief, Amerisource raises a more a substantial question about the alleged assignments. Specifically, Amerisource says that the Cooperative cannot rely on the assignments to show an injury because the Cooperative is asserting a violation of its own rights in its complaint: that Amerisource breached its contract with *the Cooperative* and allegedly made false representations *to the Cooperative*. It does not contend that it is asserting the rights of its members. The Cooperative cites no authority for the view that it is entitled to assert its own rights but still collect damages for its members. So it is not clear how the assignments address the issue that Amerisource raises.

Although Amerisource did not raise this issue until its reply brief, the court cannot ignore the issue because it implicates the court's jurisdiction. But it would be unfair to decide the issue in Amerisource's favor without giving the Cooperative an opportunity to respond.

So that is what the court will do. The Cooperative must either: (1) explain why it is entitled to assert its own rights but rely on the injuries of third parties for the purpose of standing and proving damages; or (2) file an amended complaint that asserts the rights of the Cooperative's members rather than the Cooperative itself.

ORDER

IT IS ORDERED that plaintiff Compliant Pharmacy Alliance Cooperative may have until February 20, 2019, to file either: (1) a supplemental brief in which it explains why it is entitled to assert its own rights but rely on the injuries of third parties for the purpose of both standing and proving damages; or (2) an amended complaint that asserts the rights of the

Cooperative's members rather than the Cooperative itself. If the Cooperative fails to respond by February 20, the court will dismiss the case for lack of standing.

Entered February 7, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge